**Mekedesework ABEBE, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–74770.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2007.\*\*

Filed Nov. 15, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Howard R. Davis, Esq., Davis Miller & Neumeister, Van Nuys, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David T. Shelledy, Office of the U.S. Attorney, Allen W. Hausman, Attorney, Sacramento, CA, Joanne E. Johnson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and COLLINS,*** District Judge.

#### MEMORANDUM ****

Mekedesework Abebe, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "[s]he must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995) (same). When an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir. 1996) (en banc).

Abebe's claim fails. Because the BIA affirmed without opinion under 8 C.F.R. § 1003.1(e)(4), the Immigration Judge's decision was the final agency action, and the IJ determined that Abebe had not shown a well-founded fear of persecution. That determination was supported by substantial evidence. She did not show past persecution.[1] Also, she did not have an

---

*** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. She did not present evidence of past persecution and did not claim it existed. Thus, she was not entitled to a presumption that she had a well-founded fear of future persecution. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1180 (9th Cir.2004); *Molina–Estrada v. INS,* 293 F.3d 1089, 1094 (9th Cir.2002). To the extent

objectively reasonable fear of future persecution[2] because country conditions had changed so substantially[3] that her fear of persecutory deportation to Eritrea was unfounded. We, therefore, uphold the denial of asylum relief.

Because Abebe did not meet the eligibility requirements for asylum, she was not entitled to withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Ghaly,* 58 F.3d at 1429. Moreover, there is no evidence in the record that would compel a determination that it is more likely than not that Abebe will be tortured in Ethiopia.

Thus, the Convention Against Torture[4] provides no relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *cf. Nuru v. Gonzales,* 404 F.3d 1207, 1224 (9th Cir.2005) (noting that "torture is more severe than persecution").

Petition DENIED.

she now asserts that she is a member of a disfavored group, her failure to exhaust her administrative remedies on that issue precludes consideration of it here. *See* 8 U.S.C. § 1252(d)(1); *Rodas–Mendoza v. INS,* 246 F.3d 1237, 1240 (9th Cir.2001) (per curiam).

2. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–80 (9th Cir.2007) (en banc); *Fisher,* 79 F.3d at 960.

3. That was demonstrated by the U.S. Department of State Country Report for Ethiopia (March 2003). The IJ properly relied upon that report. *See Molina–Estrada,* 293 F.3d at 1095–96; *Kazlauskas v. INS,* 46 F.3d 902, 906 (9th Cir.1995); *see also Lolong,* 484 F.3d at 1180 n. 5.

4. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted December 10, 1984, 1984 S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85.

