**Maria De La O RODAS–MENDOZA,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 99–70902.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001

Filed April 18, 2001

Stephen Shaiken, San Francisco, California, for the petitioner.

Michael T. Dougherty, Department of Justice, Washington, D.C., for the respondent.

Before: SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

PER CURIAM:

■ Petitioner argues that the BIA erred by denying her request for asylum and withholding of deportation. We must affirm the BIA·if its decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)(quoting 8 U.S.C. § 1105a(a)(4)).

Petitioner Rodas–Mendoza's testimony, which the BIA determined to be credible, establishes that the Salvadoran government persecuted her sporadically between 1978 and 1980 because she was a member of the Farabundo ˙Marti National Liberation Front (FMLN). In 1980, Rodas–Mendoza fled her home canton to San Salvador, the nation's capital.

Rodas–Mendoza lived in San Salvador for 11 years, where she continued to participate in FMLN activities. During this time, she suffered no persecution. In 1991, government forces came to the house where she lived looking for FMLN sympathizers. When she learned of this, Rodas–Mendoza fled to the United States.

■ An immigrant is eligible for asylum if she has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999). She must demonstrate that her fear is both "subjectively genuine and objectively reasonable." *Id.*

■ An immigrant may demonstrate that her fear is subjectively genuine merely by "credibly testifying that [s]he genuinely fears persecution." *Id.* Rodas–Mendoza testified that she feared persecution. The BIA found her testimony to be credible. Accordingly, Rodas–Mendoza demon-strated that her fear of persecution was subjectively genuine.

■ An immigrant may demonstrate that her fear of persecution is objectively reasonable in either of two ways. First, if an asylum applicant establishes that she has been the victim of past persecution, then she creates a presumption that her fear of persecution is objectively reasonable. ·*See id.* The government then bears the burden of demonstrating by a preponderance of the evidence that changed country conditions render the immigrant's fear objectively unreasonable despite her past persecution. *Id.*

■ The BIA found, and the government concedes, that Rodas–Mendoza suffered past persecution. The BIA concluded, however, that the government had demonstrated by a preponderance of the evidence that Rodas–Mendoza's fear of persecution was unreasonable in light of changed country conditions. The BIA's determination is supported by substantial evidence.

■ Second, Rodas–Mendoza may demonstrate that her fear of future persecution is objectively reasonable by "adducing credible, direct and specific evidence ·.. of facts that would support a reasonable fear of persecution." *Id.* at 1159. She testified that her niece was raped in 1994, but she did not testify that her niece was a FMLN sympathizer or that the rape was motivated by animosity toward FMLN members. In the absence of such testimony, the BIA was free to find the rape an isolated, random act of violence that ˙provided no reasonable basis for a fear of persecution.

■ She also testified that she fears violence at the hands of her cousin. Substantial evidence supports the BIA's determination that her cousin is not a government actor or an individual ˙over whom the

government exercises no control. We have held that violence "completely untethered to a governmental system does not afford a basis for asylum." *Grava v. INS,* 205 F.3d 1177, 1181 n. 3 (9th Cir.2000). Any violence that Rodas–Mendoza's cousin may perpetrate against her, violence that the government does not sponsor and in which it is not complicit, cannot support a reasonable fear of persecution.

We affirm the BIA's determination that Rodas–Mendoza is not eligible for asylum because she did not demonstrate an objectively reasonable fear of future persecution.

▆▆▆▆ Rodas–Mendoza also requested withholding of deportation. To be entitled to withholding of deportation, an immigrant must "demonstrate that it is 'more likely than not' that [s]he will be persecuted on account of one of the five enumerated factors were [s]he to return." *Duarte de Guinac,* 179 F.3d at 1159 (quoting 8 C.F.R. § 208.16(b)(1)). This standard "is a more stringent one than that for asylum eligibility." *Id.* If an immigrant fails to qualify for asylum, therefore, she necessarily fails to qualify for withholding of deportation. *Kumar v. INS,* 204 F.3d 931, 934 (9th Cir.2000); *Rivera Moreno v. INS,* 213 F.3d 481, 485 (9th Cir.1999). We affirm the BIA's holding denying Rodas–Mendoza's request for withholding of deportation.

▆▆▆▆ Where the persecution suffered by an immigrant in her home country is particularly severe, asylum may be granted even if she does not have a well-founded fear of future persecution. *See Rodriguez–Matamoros v. INS,* 86 F.3d 158, 160–61 (9th Cir.1996); *see also* 8 C.F.R. § 208.13(b)(1)(ii). Rodas–Mendoza argues before this Court for the first time that the severity of her persecution qualifies her for such "humanitarian" asylum. Having failed to raise this argument before the IJ or the BIA, Rodas–Mendoza has waived it and cannot raise it before this Court. *See Farhoud v. INS,* 122 F.3d 794, 797 (9th Cir.1997). Even if Rodas–Mendoza had properly raised this issue, however, the persecution she suffered was not so pervasive, atrocious, and severe as to qualify her for humanitarian asylum.

PETITION DENIED.