Bobby SINGH, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71166.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 1, 2004.*

Decided Sept. 3, 2004.

Surjit Singh, Law Office of Surgit Singh, APC, Anaheim, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Frances M. McLaughlin, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Bobby Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming without opinion the Immigration Judge's ("IJ") denial of his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

1. Asylum

Singh presented evidence, which the IJ accepted as credible, that compels the conclusion that he experienced past persecution on account of a political opinion and that he possesses the requisite

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fear of future persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Specifically, Singh testified that on the night of December 13, 1995, a police officer abducted both him and his father from their home and beat them with leather belts and sticks or batons. Singh and his father were detained and beaten for five days, during which time the officer repeatedly referred to Singh's membership in the All India Sikh Students Federation ("AISSF") and threatened to kill Singh on account of that membership. Upon their release, the officer publicly threatened to take revenge upon Singh and his father.

"That an alien has been subject to detention and beatings because of an imputed political opinion makes out a plausible claim for eligibility for asylum and withholding of removal." *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir.2004) (citing *Salaam v. INS*, 229 F.3d 1234, 1240 (9th Cir.2000) (arrest and torture may amount to persecution)); *Prasad v. INS*, 101 F.3d 614, 617 (9th Cir.1996) (repeated beatings in jail may amount to persecution). Singh's credible testimony establishes that he was beaten and tortured. *See* 8 C.F.R. § 208.13(a). Singh, therefore, is eligible for asylum if he can demonstrate that the beatings and torture he endured were administered (1) "at the hands of the Indian police," *Singh v. Ashcroft*, 362 F.3d 1164, 1170 (9th Cir.2004), and (2) on account of "his believed association with [the AISSF]." *Id.*

To establish persecution based on political opinion, "[Singh] must [show] that he held a political opinion, and that he was persecuted because of that political opinion." *Lopez v. Ashcroft*, 366 F.3d 799, 804 (9th Cir.2004). "For persecution to qualify as 'on account of,' the applicant must possess a protected characteristic and that protected characteristic must have motivated the persecutor to harm the appli-

cant." *Li v. Ashcroft*, 356 F.3d 1153, 1160 (9th Cir.2004) (*en banc*). "This question goes to the motives of [Singh's] persecutors, and as we have long recognized, motives can be difficult to pin down." *Gafoor v. INS*, 231 F.3d 645, 650 (9th Cir.2000). While "[p]urely personal retribution is, of course, not persecution on account of political opinion," *Grava v. INS*, 205 F.3d 1177, 1181 n. 3 (9th Cir.2000), a "persecutor may have multiple motives for inflicting harm on an asylum applicant." *Hoque v. Ashcroft*, 367 F.3d 1190, 1198 (9th Cir.2004). Accordingly, we have held that an applicant need only "produce evidence from which it is reasonable to believe that the harm was motivated, *at least in part*, by an actual or implied protected ground." *Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (*en banc*) (emphasis supplied) (citation and quotation omitted); *see also Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995) ("[P]ersecutory conduct may have more than one motive, and so long as one motive is one of the statutorily enumerated grounds, the requirements [for asylum] have been satisfied.").

Singh credibly testified that he was repeatedly beaten by an Indian police officer, and harassed by other officers, due to his affiliation with the AISSF. Because the IJ made no adverse credibility determination, but rather found Singh's testimony to be plausible, "[the petitioner's] story . . . must be accepted for purposes of assessing his entitlement to asylum." *Lopez*, 366 F.3d at 804. Based on that testimony, Singh has established that the persecution he experienced was motivated, at least in part, by political animus toward the AISSF on the part of the Indian police. *See Borja*, 175 F.3d at 736.

Singh's testimony further demonstrates that his persecution was at the hands of the Indian government. While the officer who beat Singh and his father may have

done so due to his personal antipathy for both the AISSF and Singh's family, his employment as an officer of the state dictates that his acts be imputed to the government. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1078 (9th Cir.2004). "In [Singh]'s case, there is no question that the perpetrator[ ] of the persecution [was a] government actor[ ], [and this] conclusively establish[es] the third prong of the analysis by showing governmental involvement." *Id.*

In sum, the record before the BIA compelled the conclusion that Singh established past persecution by demonstrating that his experience rose to the level of persecution, perpetrated by the government, on account of a protected ground. *See Chand,* 222 F.3d 1066, 1073 (9th Cir. 2000).

■ However, because the record also compels the conclusion that Singh established a well-founded fear of future persecution, we need not remand for the agency to decide in the first instance whether the government has rebutted the presumption of a well-founded fear that results from a showing of past persecution. *Cf. INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Because Singh's testimony is taken as true, he has satisfied the subjective component of the well-founded fear test. *Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir.1998). Furthermore, Singh's testimony, combined with the country reports, compels the conclusion that his fear is objectively well-founded. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1181–83 (9th Cir.2003). Accordingly, we reverse the IJ's finding that Singh did not establish a well-founded fear of future persecution and we "remand for the Attorney General to exercise [his] discretion and determine whether to grant asylum." *Kataria v. INS,* 232 F.3d 1107, 1115 (9th Cir.2000) (citing *Chand,* 222 F.3d at 1078).

### 2. Withholding of Removal

Singh did not appeal to the BIA the IJ's denial of his withholding of removal claim. Therefore, he has not exhausted his administrative remedies on this issue, and we cannot address whether he might qualify for withholding of removal. *See Rodas–Mendoza v. INS,* 246 F.3d 1237, 1240 (9th Cir.2001).

### 3. Convention Against Torture

We also may not consider Singh's contentions concerning his eligibility for relief under the Convention Against Torture because he failed to raise and, therefore, exhaust that issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION GRANTED.**