**Elhadji Bouchay DIAMENGIE,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71286.

Agency No. A75–316–744.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 20, 2004.

Robert Pauw, Law Offices of Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Rena I. Curtis, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

MEMORANDUM *

Elhadji B. Diamengie, a native and citizen of Mauritania, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of removal. We dismiss the petition.

Diamengie asserts that the Immigration Judge's credibility determination and concomitant decision that Diamengie had not shown past persecution were in error. But the IJ also determined that country

---

conditions had changed to such an extent that Diamengie did not have a well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 997 (9th Cir.2003). Diamengie did not question the latter determination when he was before the BIA. Thus, we lack jurisdiction to consider it. *See Rodas–Mendoza v. INS,* 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam) (contest of asylum denial, but failure to raise severity-of-persecution factor at BIA waived it); *see also Ochave v. INS,* 254 F.3d 859, 867, 867 n. 3 (9th Cir.2001) (contest of asylum denial, but failure to raise evidentiary issue and social group issue at BIA; lack of jurisdiction). That is fatal to his appeal. In any event, even if we somehow deemed the issue to have been sufficiently encompassed in Diamengie's brief to the BIA for jurisdictional purposes, Diamengie decidedly did not raise the issue in his opening brief before us. In fact, although the government did brief the issue, Diamengie still did not address it in his reply brief. It was, therefore, waived. *See Kreisner v. City of San Diego,* 1 F.3d 775, 778 n. 2 (9th Cir.1993) (en banc); *Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985). That, too, is fatal to his appeal.

Petition DISMISSED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.