Antonio **GUERRERO-HERNANDEZ,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–74627.
BIA No. A75–301–364.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Dec. 9, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., R. Lynne Harris, DOJ–U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Antonio Guerrero–Hernandez, a native and citizen of Mexico, petitions for review

** This disposition is not appropriate for publication and may not be cited to or by the

of a final decision by the Board of Immigration Appeals (BIA) adopting an Immigration Judge's (IJ) denial of his request for asylum, withholding of removal, and Convention Against Torture relief. We deny the petition for review.

## DISCUSSION

Guerrero–Hernandez testified in support of his requests for relief that Mexico City officials threatened, jailed and beat him on account of his political activities. The IJ fully credited the testimony and determined such mistreatment "was serious enough to rise to level of persecution" for purposes of assessing eligibility for relief from removal. The IJ ruled, however, that Guerrero–Hernandez was not eligible for relief because the evidence indicated he could locate elsewhere in Mexico and not be subjected to persecution.

We first address the Attorney General's contention that we lack jurisdiction to review Guerrero–Hernandez's claims for withholding of removal, Convention Against Torture relief, and humanitarian asylum because Guerrero–Hernandez did not raise those claims on appeal to the BIA. The failure to raise an issue on appeal to the BIA "constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter." *Camposeco–Montejo v. Ashcroft,* 384 F.3d 814, 821 (9th Cir.2004) (internal quotations omitted).

We conclude Guerrero–Hernandez waived his right to argue for humanitarian asylum because he failed to raise that argument in the administrative proceedings. *See Rodas–Mendoza v. INS,* 246 F.3d 1237, 1240 (9th Cir.2001) (per curiam) (refusing to consider claim for humanitarian asylum not raised before the IJ

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

or BIA). Guerrero–Hernandez did, however, exhaust his claims for withholding of removal and Convention Against Torture relief by appealing the IJ's underlying finding that he could avoid future persecution by relocating outside of Mexico City. This argument reasonably alerted the BIA to the nature of the relief sought and gave the BIA the opportunity to adjudicate the claim. *See Tokatly v. Ashcroft,* 371 F.3d 613, 618 (9th Cir.2004) (noting petitioner exhausted claim by giving the BIA "the opportunity to review and adjudicate the issue") (internal quotation omitted).

On the merits, the relief Guerrero–Hernandez seeks may be denied "where the evidence establishes that internal relocation is a reasonable option under all of the circumstances." *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir. 2003). We agree with the IJ that Guerrero–Hernandez's admissions that he lived peacefully for several years outside Mexico City after he fled his persecutors supplies the requisite evidence. As the IJ noted, the "persecutors were most interested in getting petitioner to leave Mexico City" and had "no interest in bothering petitioner once he had in fact left."

PETITION FOR REVIEW DENIED.