**Felipe HERNANDEZ–GARCIA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–71918.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2004.

Decided Jan. 12, 2005.

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Courtney Mcdermed, Law Office of Robert L. Lewis, Oakland, CA, Laguna Niguel, CA, Leslie Mckay Fax, Larry P. Cote, Leslie Mckay Fax, Larry P. Cote, Washington, DC, for Respondent.

Before: PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.

## MEMORANDUM *

We grant the petition for review of Felipe Hernandez–Garcia ("Hernandez") and remand for further proceedings.

■ Although the duration and circumstances of a petitioner's stay in a third country may raise a presumption of firm resettlement, see *Cheo v. INS*, 162 F.3d 1227, 1230 (9th Cir.1998), Hernandez successfully rebutted the presumption by showing that he had never received an offer of permanent residency or other type of permanent resettlement in Mexico and that "the conditions of his . . . residence in [Mexico] were so substantially and consciously restricted by the authority of the country of refuge that he . . . was not in fact resettled." 8 C.F.R. § 1208.15(b); see also *Camposeco–Montejo v. Ashcroft*, 384 F.3d 814, 819–21 (9th Cir.2004). We therefore turn to the merits of Hernandez's asylum application.

■ While the BIA acknowledged that the IJ had committed a legal error in determining that Hernandez did not have a well-founded fear of future persecution, it affirmed the IJ's ultimate conclusion. However, even if we assume that the IJ's determination regarding changed country conditions was sufficiently supported by the record and individualized to Hemandez's situation, we determine that the IJ abused his discretion by denying Hernandez humanitarian asylum relief without properly weighing the appropriate factors.

In evaluating a request for humanitarian asylum, the IJ is required to consider, in *addition to the likelihood of future perse-*cution, "all other factors, both favorable and adverse." *In re Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989). Despite having found Hernandez credible and having previously cited the 1982 massacre as a basis for finding past persecution, the IJ found that there were no compelling favorable factors in this case. However, Hernandez experienced the wholesale torture, mutilation and execution of over 470 neighbors, friends and family (including, he thought at the time, his own pregnant wife and sons),[1] and he experiences ongoing mental and physical disabilities from this ordeal. See *Lal v. INS*, 255 F.3d 998, 1007 (9th Cir.2001) (ongoing physical or mental disability is a consideration, but not a requirement to satisfy the humanitarian exception). Thus, it is arguable that the suffering Hernandez endured is comparable to the atrocious forms of persecution that warrant humanitarian relief. See *Vongsakdy v. INS*, 171 F.3d 1203, 1206–07

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. It is not entirely clear from the record how much of the massacre Hernandez witnessed before fleeing; he does, however, indicate that he could hear the screaming from his outlook point outside of town. In discussing his continuing mental problems from the ordeal, Hernandez also testified that "what's been bothering me the most is seeing my people die and suffering on the street," which suggests he personally witnessed at least some of the massacre.

(9th Cir.1999); *Lopez–Galarza v. INS,* 99 F.3d 954, 960–63 (9th Cir.1996).[2]

In this case, however, the IJ did not consider whether Hernandez's experience was of "comparable severity" to that of our successful humanitarian asylum petitioners, weigh the favorable and adverse factors in reaching his decision, or provide a sufficient explanation to enable review. *See Lopez–Galarza,* 99 F.3d at 963 (quoting *Kahssai v. INS,* 16 F.3d 323, 329 (9th Cir.1994) (Reinhardt, J. concurring)) (internal quotation marks omitted). Rather, the IJ cursorily concluded that "there are no such compelling factors in this case." Moreover, this decision may have been improperly influenced by the erroneous firm resettlement ruling, as the IJ went on to note that the humanitarian decision was irrelevant since the IJ had found that "there is firm resettlement and therefore statutory ineligibility for asylum."

We therefore GRANT the petition for review and REMAND to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

---

2. Compare situations in which we have found the BIA properly denied humanitarian relief. *See Rodas–Mendoza v. INS,* 246 F.3d 1237, 1240 (9th Cir.2001) (per curiam); *Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000); *Marcu v. INS,* 147 F.3d 1078, 1080 (9th Cir.1998).

