**Jose MARTHA–VIRGEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70633.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

Jose Martha–Virgen, Bloomington, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Jose Martha Virgen, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the results of the decision of an immigration judge ("IJ") who found him deportable as charged and granted him six months for voluntary departure.

In his brief to this court, Martha Virgen identifies as his appellate issues and legal arguments "Legal Fairness and due process." He states that in proceedings before the IJ, he requested adjustment of status and a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h); and that the IJ refused to accept his application because he deemed Martha Virgen ineligible due to his criminal record.

In fact, Martha Virgen did not apply for either a section 212(h) waiver or adjustment of status. His counsel stated ex-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pressly to the IJ, after conferring with Martha Virgen, that Martha Virgen was ineligible to adjust his status given his criminal convictions, and that the only relief he sought was voluntary departure. Martha Virgen therefore waived any contentions regarding his eligibility for section 212(h) relief or adjustment of status, *see Rodas–Mendoza v. I.N.S.*, 246 F.3d 1237, 1240 (9th Cir.2001) (arguments not raised before the IJ and the BIA cannot be raised before this court), and there is no basis for his argument that he was denied legal fairness and due process.

**PETITION FOR REVIEW DENIED.**