**Gurpreet SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71784.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Dec. 30, 2008.

Ashwani K. Bhakhri, Esquire, Joseph J. Siguenza, Esquire, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Vincent J. Falvo, Jr., Esquire, David V. Bernal, Assistant Director, Jennifer Paisner Williams, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, W. FLETCHER and BERZON, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Gurpreet Singh petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We conclude that substantial evidence supports the conclusion that Singh's seven-year experience living in India without incident before coming to the United States rebuts any presumption of future persecution and so deny the petition, without reaching the credibility issue.

■ 1. Once a petitioner has established past persecution, a rebuttable presumption of a well-founded fear of future persecution arises, and the burden shifts to the government to rebut that presumption. *Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1090 (9th Cir.2005). Here, assuming Singh had established past persecution in the Punjab, substantial evidence supports the BIA's conclusion that the government has rebutted the well-founded fear presumption.

Singh testified that he lived in or around Bhopal for seven years without encountering hostility. During this time, Singh operated a successful trucking business and engaged in several transactions with the Indian government, obtaining an official passport and a truck registration. Although Singh testifies that the Punjabi police continued to seek him by visiting his family home in the Punjab, there is no evidence that the Punjabi authorities tried to track him down in Bhopal or elsewhere in India during this period.

■ Singh's previous, lengthy internal relocation without incident supports the

government's claim that future relocation would be reasonable. *See Gomes v. Gonzales,* 429 F.3d 1264, 1267 (9th Cir.2005). There is no indication that Singh avoided hostile encounters during this time period by taking unreasonably inconvenient measures to secure his safety. *Cf. Kaiser v. Ashcroft,* 390 F.3d 653, 660 (9th Cir.2004). We therefore hold that substantial evidence supports the conclusion that Singh could avoid future persecution by relocating to areas of India outside of the Punjab, and that such relocation would be reasonable. *See* 8 C.F.R. § 1208.13(b)(3)(ii).

■ 2. Singh did not contend before the IJ or the BIA that he was entitled to relief under the humanitarian principle described in *Matter of Chen,* 20 I. & N. Dec. 16 (BIA 1989), because of the severity of his past persecution. Singh has therefore failed to administratively exhaust this contention and cannot raise it before this court. *See Rodas–Mendoza v. INS,* 246 F.3d 1237, 1240 (9th Cir.2001) (per curiam).

3. Singh is also ineligible for withholding of removal or relief under the Convention Against Torture. Because Singh has failed to meet the burden of proof required for asylum, he necessarily fails to meet the more stringent standard required for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). As the standard of proof for relief under the Convention Against Torture is also more stringent than that required for asylum in this respect, we also hold that Singh is ineligible for such relief. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

For the foregoing reasons, the petition for review is DENIED.