MEMORANDUM **
Miguel Angel Gamboa Najera, his wife Elia Gamboa, and four of their children, petition for review of the Board of Immigration Appeals’ (“BIA”) decision summarily affirming the Immigration Judge’s (“IJ”) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). “We review the IJ’s findings of fact for substantial evidence and will uphold these findings if they are supported by ‘reasonable, substantial, and probative evidence on the record considered as a whole.’ ” Abebe v. Gonzales, 432 F.3d 1037, 1039-40 (9th Cir.2005) (quoting Me-jia-Paiz v. INS, 111 F.3d 720, 722 (9th Cir.1997)). We deny the petition for review.
Substantial evidence supports the IJ’s decision to deny asylum on the grounds that Gamboa Najera (1) failed to establish a nexus between his claims of persecution and a protected ground, (2) failed to establish that the Durango police were unwilling or unable to control the local gang which Gamboa-Najera feared, and (3) failed to establish that his subjective well-founded fear of persecution was objectively reasonable. See Navas v. INS, 217 F.3d 646, 656 (9th Cir.2000) (in order to establish persecution on account of political opinion, applicant must show that he held a political opinion and that he was persecuted because of it); Nahrvani v. Gonzales, 399 F.3d 1148, 1154 (9th Cir. 2005) (an unsuccessful government investigation does not necessarily establish that the government is unwilling or unable to control a non-governmental actor). The evidence does not compel a finding that Gamboa Najera and his family established a well-founded fear of future persecution. See Singh v. INS, 134 F.3d 962, 966 (9th Cir.1998). Accordingly, we deny the asylum claim.
Gamboa Najera failed to challenge the IJ’s denial of his applications for withholding of removal and CAT relief before the BIA, and we therefore lack jurisdiction to consider those claims. See 8 U.S.C. § 1251(d)(1); Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir.2004). Gamboa Najera also failed to argue before either the IJ or the BIA that he qualifies for humanitarian asylum, and we therefore lack jurisdiction to consider that claim. See Rodas-Mendoza v. INS, 246 F.3d 1237, 1240 (9th Cir.2001).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.