**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL PINEDA-BONILLA, AKA Angel Amilcar Pineda-Bonilla, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-73530 Agency No. A099-518-669 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 7, 2010
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Angel Pineda-Bonilla ("Pineda"), a native and citizen of Honduras, seeks review of a Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum. Pineda claims membership in "a particular social group" (his full siblings) which suffered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

persecution by their older half-siblings. The BIA denied the claim for a number of reasons, including that Pineda failed to establish that his half-siblings were a group the government was unable or unwilling to control. We deny the petition.

Even assuming the actions and threats by his half-siblings qualify as persecution, they were perpetrated by private actors unconnected to the government. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts cannot establish basis for persecution); *Rodas-Mendoza v. INS,* 246 F.3d 1237, 1239-40 (9th Cir. 2001) (fear of cousin who "is not a government actor or an individual over whom the government exercises no control" cannot be basis for asylum). Pineda thus needed to "convincingly establish" that the government was unable or unwilling to control them. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

However, Pineda never reported any of the incidents of abuse to the authorities. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004) (when persecution is not by a government actor, the court considers whether an applicant reported incidents to police because such a report may show governmental inability to control the actors). Although in some situations, we may excuse an applicant's failure to seek protection from governmental authorities, the petitioner bears the burden of proving eligibility for asylum and must present convincing evidence that reporting the abuse to authorities would have been futile or dangerous. *Ornelas-Chavez*, 458 F.3d at 1058

2

(applicant did not report past harm to police because of harassment and mistreatment by police themselves).

Here, Pineda testified that he did not report the incidents to the police because the police were corrupt and "can be bought," his half-brother Herman had "friends in the police," and he did not believe the police would do anything because it would be a "he said, she said" situation. Various news articles about domestic violence in Honduras were introduced, but these articles also indicate the government and police are actively working to reduce the problem in the country. Thus, the documentary evidence does not compel a contrary conclusion. Nor does vague testimony about Herman having "friends" in the police department.[1]

Although Pineda may have subjectively believed that it would have been futile to report the abuse to authorities, the agency was not required simply to accept his assumptions. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Evidence consisting principally of speculation about what the police might have done

---

[1] We note that in his own asylum application, Pineda indicates that Herman had been arrested before for various other incidents, and thus Herman was not immune from arrest. Although we may not reach a ground not relied upon by the agency, we *are* required to consider the record in its entirety, including evidence that contradicts the BIA's conclusions, to determine whether the evidence compels the contrary conclusion. *See Chouchkov v. INS*, 220 F.3d 1077, 1079 (9th Cir. 2000). Here, it does not.

and that they "can be" bought is insufficient to compel a conclusion contrary to that found by the IJ and BIA.

**PETITION DENIED**.