**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANT BALBIR SINGH, | No. 07-73963 |
| Petitioner, | Agency No. A079-260-828 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2011
San Francisco, California

Before: WALLACE, BERZON, and BYBEE, Circuit Judges.

Sant Balbir Singh ("Singh") petitions for review of a decision of the Board

of Immigration Appeals ("BIA") adopting and affirming the decision of the

immigration judge ("IJ") denying Singh's applications for asylum, withholding of

removal, relief under the Convention Against Torture, and voluntary departure. We

dismiss the petition in part and deny the petition in part.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Singh argues that the BIA and the IJ: (1) erred in determining that his application for asylum was untimely; (2) violated his right to due process by failing to consider his claim that changed circumstances excused his untimely application; and (3) erred in finding that his testimony was not credible. The BIA's decision is reviewed for "substantial evidence." *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010). Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).

1. We lack jurisdiction to review the denial of asylum as untimely. An applicant cannot receive asylum "unless the alien demonstrates by clear and convincing evidence" that the applicant filed for asylum within one year of the date of the applicant's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Our review is barred by § 1158(a)(3), which states that "[n]o court shall have jurisdiction to review any determination" made as to timeliness.

Singh relies on *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam), in arguing that we have jurisdiction to review the timeliness issues presented by his petition. *See* 8 U.S.C. § 1158(a)(2)(D). Singh misreads *Ramadan*, which simply held that the REAL ID Act permits appellate judicial review over petitions involving mixed questions of law and fact. 479 F.3d at 654. The

timeliness of Singh's application presents questions of disputed historical fact which were resolved against him. We lack jurisdiction over his claim for asylum.

2.     As to whether Singh was deprived of due process, he failed to raise his "changed circumstances" argument before the Board. The Board could not consider his argument, and therefore Singh has forfeited it on appeal. *See Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam).

3.     Finally, the IJ did not err in making an adverse credibility determination with respect to Singh's claims for withholding and CAT relief by relying on Singh's dishonesty concerning the manner of his entry into the United States. The clear evidence of Singh's misrepresentations to the IJ, together with the IJ's observations that Singh's testimony was vague as to the severity of the beatings, that he suffered no external visible injuries, and that he did not require medical treatment beyond oil for a massage and some pills, was a sufficient basis for denying Singh's request for withholding of removal and CAT relief. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (adverse credibility determinations may be supported by substantial evidence "when inconsistencies that weaken a claim for asylum are accompanied by other indications of dishonesty").

"An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011).[1] Singh's explanation that the preparers of his asylum application instructed him to lie does not change the analysis. While mistakes or inconsistencies attributable to "unscrupulous preparer[s]" cannot be used as a basis for an adverse credibility determination, *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003), instances of knowing and deliberate dishonesty – even if the original inspiration for the lie did not come from the petitioner – can.

PETITION DISMISSED in part; DENIED in part.

---

[1] The *Singh* precedent cited in the text, like the present case, concerned asylum applications filed before the passage of the REAL ID Act. *See Singh*, 643 F.3d at 1179 (noting that the petitioner filed for asylum soon after he came to the United States in 1994, well before the passage of the REAL ID Act in 2005). While the present case is subject to our pre-REAL ID Act precedent which adopted a "heart of the claim" rule, *see Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003), *Singh* makes it very clear that such a rule does not apply to instances of deliberate dishonesty.