**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARDITER KOCHARYAN, | No. 07-73816 |
| Petitioner, | |
| | Agency No. A079-542-095 |
| v. | |
| | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2011**
San Francisco, California

Before: TASHIMA and RAWLINSON, Circuit Judges, and HATTER, Senior
District Judge.***

Varditer Kocharyan (Kocharyan), a native and citizen of Armenia, petitions

for review of the decision of the Board of Immigration Appeals (BIA), affirming

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Terry J. Hatter, Senior District Judge for the U.S.
District Court for the Central District of California, sitting by designation.

the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT). Kocharyan seeks, in the alternative, discretionary relief from removal pursuant to 8 C.F.R. § 1208.13(b)(1)(iii), under the humanitarian principles set forth in *Matter of Chen*, 20 I&N Dec. 16 (BIA 1989).

1.      The State Department country reports relied upon by the BIA fall short of providing substantial evidence to support the determination that the government proved by a preponderance of the evidence that a fundamental change in country conditions has occurred such that Kocharyan's fear of religious persecution is not well-founded. *See Kamalyan v. Holder*, 620 F.3d 1054, 1058 (9th Cir. 2010). The country reports did not in any way relate to Petitioner's individual circumstances. Thus, we remand to the BIA to conduct an individualized analysis of whether changed country conditions in Armenia affect the reasonableness of Kocharyan's fear of future persecution. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004); *see also Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 997-99 (9th Cir. 2003) (holding that State Department country reports are sufficient to support the BIA's decision only if the BIA conducts a tailored analysis of how the general changes described in the report

2

address the specific grounds underlying the petitioner's fear of persecution); *Kamalyan*, 620 F.3d at 1057 ("Our circuit has reiterated that a State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution. . . .") (citation and internal quotation marks omitted).

2.      Kocharyan failed to exhaust the alternative claim for humanitarian asylum because she did not present it to the BIA. *See Rodas-Mendoza v. I.N.S.*, 246 F.3d 1237, 1240 (9th Cir. 2001). We therefore do not address this claim. *See id.*

3.      Kocharyan waived any claims for withholding of removal or relief pursuant to the CAT because she failed to mention either form of relief in her opening brief, let alone to argue these claims "specifically and distinctly . . ." *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted).

**PETITION DENIED IN PART; GRANTED IN PART AND REMANDED. Each party shall bear its own costs on appeal.**