**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULDIP SINGH, | No. 11-71198 |
| Petitioner, | Agency No. A096-161-465 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2015[**]
San Francisco, California

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

Kuldip Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals (BIA) affirming the decision of the

Immigration Judge (IJ) denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT).  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA "issue[d] its own decision but relie[d] in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). We deny the petition.

1. Substantial evidence supports the denial of Singh's asylum claim. Because the IJ determined that Singh suffered past persecution by the Punjabi police between the years 1998 and 2001 due to his imputed affiliation with Sikh militants, Singh was entitled to a presumption of "a well-founded fear of persecution." *See* 8 C.F.R. § 1208.13(b)(1). The government rebutted this presumption, however, by showing that Singh could reasonably and safely relocate to another part of India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003). Specifically, the government introduced evidence demonstrating that conditions for Sikhs in India have improved significantly since 2001 and that the Punjabi police lack the resources to pursue low-profile individuals like Singh outside of Punjab. The evidence also indicated that Singh lived without incident in Delhi for three months in 2001, that he was unlikely to appear in any government databases, and that his wife and three children remain safely in India. Although the IJ and the BIA relied on Country Reports that contained some ambiguities, they do not undermine the conclusion

that Singh can reasonably relocate outside of Punjab. *See Singh*, 753 F.3d at 831–32 (denying petition for review of Sikh claimant, who was persecuted by the Punjabi police in the 1990s, and finding that substantial evidence supported a finding of changed country conditions despite ambiguities in Country Reports).

2. Singh argues for the first time on appeal that he is entitled to humanitarian asylum pursuant to 8 C.F.R. § 1208.13(b)(1)(iii). Because Singh did not raise this claim before the agency, he has waived this argument. *Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam).

3. Because substantial evidence supports the denial of Singh's asylum claim, substantial evidence also supports the denial of his claim for withholding of removal. *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) ("When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, *and* his or her claim for withholding of removal.").

4. Substantial evidence likewise supports the denial of relief under CAT. To demonstrate eligibility for CAT relief, Singh must establish "that it is more likely than not that he . . . would be tortured if removed to [India]." *Maldonado v. Lynch*, 786 F.3d 1155, 1162 (9th Cir. 2015) (en banc) (quoting 8 C.F.R. § 1208.16(c)(2)). Here, Singh has not carried his burden because substantial

evidence supports the determination that he can reasonably relocate within India and thus avoid being tortured by the Punjabi police.

**PETITION DENIED.**