NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREA MANRIQUE YARURO, | No. 18-72349 |
| Petitioner, | Agency No. A213-017-169 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2020
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,** District
Judge.

Andrea Manrique Yaruro, a native and citizen of Colombia, petitions for

review of a decision of the Board of Immigration Appeals ("BIA"), which

dismissed her appeal of an order of an immigration judge ("IJ") denying her

applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

protection under the Convention Against Torture ("CAT").  We grant the petition in part, dismiss the petition in part, and deny the petition in part.

**1.**  The agency evaluated Manrique Yaruro's asylum and withholding of removal claims under the wrong legal standard.  The IJ held that Manrique Yaruro had established past persecution.  This triggered a rebuttable presumption of a well-founded fear of future persecution.  8 C.F.R. § 208.13(b)(1).  When the government attempts to rebut this presumption with country conditions evidence indicating that there may no longer be widespread persecution, the agency "must ask whether the [government] has shown through record evidence that the individual who suffered past persecution is among the general population that is not suffering from a 'sustained pattern' of human rights violations, or whether the applicant is among the unlucky few who are most vulnerable to abuse." *Lal v. INS*, 255 F.3d 998, 1011 (9th Cir. 2001).  This "assessment must take account of the specific attributes of the past persecution on record." *Id.*

The BIA and IJ failed to consider how generalized country conditions evidence related to the most relevant aspects of Manrique Yaruro's individualized circumstances and experiences.  The analysis should have considered whether the peace accord between FARC and the Colombian government made it unlikely that Manrique Yaruro would suffer future persecution from the specific group of FARC members who persecuted her in the past.  In particular, the agency's analysis

2

should have accounted for the evidence that Manrique Yaruro was attacked by one of the FARC members in 2016, that she subsequently received further threats that caused her to leave Colombia, and that her family received a threat against her life months after the peace accord was announced. We therefore grant Manrique Yaruro's petition with respect to her asylum and withholding of removal claims, and remand to the agency to apply the correct legal standard in the first instance. *See Lopez v. Ashcroft*, 366 F.3d 799, 805-07 (9th Cir. 2004).[1]

2. We lack jurisdiction to consider Manrique Yaruro's humanitarian asylum claim because she did not raise this claim in her BIA briefing, *see Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc), and the BIA's decision did not address this claim on the merits. Manrique Yaruro contends that she was not required to exhaust her humanitarian asylum claim, but we have already held that a petitioner who fails to exhaust such a claim "cannot raise it before this Court." *See Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001).

3. The BIA did not err by concluding that Manrique Yaruro waived any challenge to the IJ's denial of CAT protection. Manrique Yaruro's BIA briefing did not argue that she was likely to be tortured with the acquiescence of the government if removed to Colombia. Accordingly, the "BIA properly found that

---

[1] We deny Manrique Yaruro's motion for judicial notice as moot. On remand, the BIA is free "to reopen the record and to remand to the Immigration Judge as appropriate." *INS v. Ventura*, 537 U.S. 12, 18 (2002) (per curiam).

[she] did not challenge the IJ's determination that [she] was ineligible for protection under the CAT." *Alanniz v. Barr*, 924 F.3d 1061, 1068-69, 1069 n.8 (9th Cir. 2019).

Each party shall bear its own costs on appeal.

**PETITION FOR REVIEW GRANTED IN PART, DISMISSED IN PART, AND DENIED IN PART; REMANDED.**