**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE ANTONIO ALAS-RODRIGUEZ,
AKA Jorge Antonio Alas, AKA Jorge
Antonio Rodriguez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70518

Agency No. A208-081-300

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
Pasadena, California

Before:  OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[***] District
Judge.

Jorge Antonio Alas-Rodriguez, a native and citizen of El Salvador, petitions

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

this Court for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and Convention Against Torture protection. Alas-Rodriguez's petition advances two arguments, including: (1) that the BIA erroneously concluded DHS had sufficiently rebutted the presumption he would suffer persecution if removed to El Salvador; and (2) he is entitled to humanitarian asylum. For the reasons stated herein, we deny the petition for review.

Because the parties are familiar with the facts, they are not recounted here. Where, as here, the BIA conducts "its own review of the evidence and law rather than simply adopting the" IJ's decision, this Court limits its review to the BIA's "decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (citation omitted). This Court "consider[s] only the grounds relied upon by" the BIA in its decision, examining "legal conclusions de novo" and "factual findings for substantial evidence." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation omitted). Because the "BIA did not disturb the IJ's" credibility finding as to Alas-Rodriguez, this Court accepts his "testimony as true." *Id.* at 1143.

1. To be eligible for withholding of removal, Alas-Rodriguez must "establish that his . . . life or freedom would be threatened in [El Salvador] on account of race, religion, nationality, membership in a particular social group, or

2

political opinion." 8 C.F.R. § 1208.16(b). Previous persecution creates a presumption of future persecution. *Id.* § 1208.16(b)(1)(i). But this presumption is rebutted if DHS establishes, by a preponderance of the evidence, that: (1) there "has been a fundamental change in circumstances such that" Alas-Rodriguez would not be persecuted upon removal; or (2) Alas-Rodriguez "could avoid a future threat to his . . . life or freedom by relocating to another part of" El Salvador, "and, under all the circumstances, it would be reasonable to expect [him] to do so." *Id.* § 1208.16(b)(1)(i)(A)–(B).

The BIA did not err in affirming the IJ's conclusion that there was both a fundamental change in circumstances and a reasonable expectation that Alas-Rodriguez could successfully relocate away from his father's abuse. First, the record establishes that Alas-Rodriguez was abused by his father as a minor but is now an adult in his mid-twenties. This fact is probative of both his ability to relocate and whether there has been a fundamental change in circumstances. Put another way, the fact that Alas-Rodriguez is now an adult establishes that it is reasonable for him to relocate away from his father's abuse and that circumstances have sufficiently changed such that any abuse from his father is unlikely to reoccur.

Second, his own testimony establishes that he believes he would be able to secure independent employment and housing in El Salvador. Alas-Rodriguez did

not testify that such housing and employment would only be available in areas close to his father. Such evidence establishes a reasonable expectation of relocation in an area away from his father's abuse. In other words, any presumption of persecution was rebutted.

2. As a final matter, the Court cannot consider Alas-Rodriguez's assertion on appeal that he should have been afforded humanitarian asylum because Alas-Rodriguez did not raise this claim before either the IJ or BIA. *Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam).

**PETITION FOR REVIEW DENIED.**