NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISABEL GRACIELA COS-CHAJ; ANTONIO ISAIAS CATINAC COS; REYNA FABIOLA YANETH CATINAC COS,<br><br>          Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>          Respondent. | No. 24-7712<br><br>Agency Nos.<br>A220-583-364<br>A220-583-365<br>A220-583-366<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Cos Chaj and her minor children (collectively, "Petitioners"), natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the BIA's decision declining to accept a late-filed appeal brief, and its determination to deem issues waived based on that rejection, for abuse of discretion. *See Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law." *Id.* (quoting *Singh v. Immigr. & Naturalization Serv.*, 213 F.3d 1050, 1052 (9th Cir. 2000)).

1. The BIA did not abuse its discretion in declining to accept the late-filed brief. The governing regulation provides that the BIA "may" extend the briefing deadline, confirming the discretionary nature of the decision. 8 C.F.R. § 1003.3(c)(1); *see Zetino*, 622 F.3d at 1012. The BIA explained that Petitioners' stated rationale was "insufficient" to warrant the exercise of discretion. That explanation mirrors language approved in *Zetino* and was neither arbitrary nor irrational. *See* 622 F.3d at 1010–13.

2. The BIA likewise did not abuse its discretion in limiting its review to the Notice of Appeal after rejecting the untimely brief. *See id.* at 1012–14.

Petitioners did not challenge the IJ's adverse credibility determination in their Notice of Appeal, and the BIA reasonably deemed that issue waived. *See Rodas-Mendoza v. Immigr. & Naturalization Serv.,* 246 F.3d 1237, 1240 (9th Cir. 2001). Because the adverse credibility finding was dispositive of Petitioners' asylum and withholding of removal claims, the BIA did not err in declining to reach the IJ's remaining alternative grounds. The BIA likewise reasonably deemed Petitioners' claim for CAT protection waived, as the Notice of Appeal did not challenge the IJ's denial of CAT relief. Nor have Petitioners demonstrated that enforcement of the briefing deadline deprived them of a significant liberty interest or rendered the proceedings fundamentally unfair. Enforcement of a filing deadline does not violate those principles absent prejudicial agency error, which is not present here. *See Zetino*, 622 F.3d at 1013–14.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED. MOTION FOR STAY OF REMOVAL DENIED.**