NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTIAGO FIGUEROA-ALVAREZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-2639

Agency No.
A087-966-967

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Santiago Figueroa-Alvarez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA) affirming the

denial of his application for withholding of removal and relief pursuant to the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). Petitioner challenges: (1) the denial of his withholding claim; (2) the denial of his CAT claim; and (3) the BIA's failure to discuss the issue of voluntary departure. Because the parties are familiar with the facts, we do not recount them here.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation modified). We review questions of law de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We have jurisdiction pursuant to 8 U.S.C. § 1252. We dismiss the petition in part, deny the petition in part, grant the petition in part, and remand to the BIA.

1. <u>Withholding of Removal</u>. A premise of Petitioner's withholding argument in his counseled brief to the BIA was that the IJ had made a changed circumstances finding and concluded that he was unlikely to be persecuted on return. Petitioner argued that this finding was not supported by substantial evidence. The BIA concluded the facts in the record reflected that circumstances had changed such that Petitioner was unlikely to be persecuted in Mexico. Petitioner now argues that the IJ never made a changed circumstances finding, and that the BIA therefore erred in affirming it. Petitioner is bound by the way he

interpreted the IJ's ruling in his brief to the BIA. *See Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam) (explaining that when a petitioner fails to raise an argument before the BIA, the argument cannot be raised for the first time before this court). We therefore dismiss Petitioner's challenge to the BIA's denial of the withholding claim.

2. The Convention Against Torture. The BIA affirmed the IJ's denial of Petitioner's CAT claim because Petitioner had not established a clear probability of future torture given the lack of threats to Petitioner or his family since 1998 and his uneventful visits to Mexico in 1998 and 2002. This finding is supported by substantial evidence, and we deny the petition as to this claim.

3. Voluntary Departure. Petitioner argues that the BIA erred by failing to reinstate or even discuss the IJ's grant of voluntary departure. "Voluntary departure is a discretionary form of relief that allows certain favored aliens—either before the conclusion of removal proceedings or after being found deportable—to leave the country willingly." *Dada v. Mukasey*, 554 U.S. 1, 8 (2008). Because the BIA failed to discuss the request for voluntary departure, we remand to the BIA to consider the issue in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

**PETITION DISMISSED IN PART, DENIED IN PART, GRANTED IN PART, AND REMANDED.**