NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN RUBEN HUANTE MARTINEZ, AKA Juan Ruben Huante, Petitioner, v. ROBERT M. WILKINSON, Acting Attorney General, Respondent. | No. 19-70096 Agency No. A205-318-125 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021**
Pasadena, California

Before: GOULD, OWENS, and VANDYKE, Circuit Judges.

Juan Ruben Huante Martinez (Petitioner) petitions for review of the Board of

Immigration Appeal's (BIA) dismissal of his appeal of the Immigration Judge's (IJ)

denial of asylum, withholding of removal, and protection under the Convention

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction to review under 8 U.S.C. § 1252(a)(1) and we deny the petition.

1.    Petitioner's application for asylum is untimely and substantial evidence supports the BIA's determination that he did not demonstrate "extraordinary circumstances" excusing his delay. 8 U.S.C. § 1158(a)(2)(B), (D); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013).[1] Petitioner failed to provide any evidence beyond vaguely asserting before the BIA "that at an unknown time he spoke with an unknown person" who gave him incorrect advice on his eligibility for asylum, and thus he declined to file for asylum until fourteen years had passed after he entered the United States in 2000.

Before this court, Petitioner again asserted only that "individuals [he] believed to be attorneys" told him he could not file for asylum. Given Petitioner's failure to provide the "pertinent information regarding the timing of the encounter" or "the circumstances of the encounter," substantial evidence supports the BIA's determination that Petitioner cannot establish justified reliance on the deficient

---

[1] The BIA correctly determined Petitioner waived any "challenge [to] the [IJ]'s determination that … his untimely filing should be excused on the basis of changed circumstances," thus we do not have jurisdiction to address his attempt to make this argument before us on appeal. *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the [Board] constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

advice. *See Al Ramahi*, 725 F.3d at 1138–39; *Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008).[2]

2.      Substantial evidence supports the BIA's conclusion that Petitioner did not demonstrate past persecution or a well-founded fear of future persecution on account of a statutorily protected ground sufficient for either asylum[3] or withholding of removal.  8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) (reviewing the BIA's denial of applications for asylum and withholding of removal for substantial evidence); *see Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017).  Petitioner claimed he sufficiently alleged a nexus between various events from his childhood and a more recent threatening phone call received by his mother to his membership in various particular social groups (PSGs).  *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (noting a PSG must be "(1) composed of members who share a common immutable

---

[2] Petitioner additionally argues he also did not know relief was available to him when he illegally entered the United States because he was not conversant in English. Neither the inability to speak English nor ignorance of the legal system constitute extraordinary circumstances. *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam); *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003).

[3] Were we to determine Petitioner's asylum application was not time-barred, Petitioner would still need to demonstrate past persecution on account of a protected ground to be eligible for humanitarian asylum, and substantial evidence supports the BIA's conclusion that Petitioner failed to do so.  8 C.F.R. § 1208.13(b)(1); (b)(2).

3

characteristic, (2) defined with particularity, and (3) socially distinct within the society in question" (citation omitted)).

Because they are not administratively exhausted, we decline to review the three PSGs that Petitioner presents before us but did not raise before the IJ or BIA: "witness to gang crime," "anti-gang political opinion," and "someone who the police are unable or unwilling to protect." *See Vargas*, 831 F.2d at 907–08. Because he failed to raise it before us, Petitioner further waived our consideration of the only PSG he did raise before the IJ and the BIA: "returning Mexicans from the United States perceived as having wealth." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue … not discussed in the body of the opening brief is deemed waived.").[4] Without a cognizable PSG preserved before this court,

---

[4] Petitioner's final PSG, "family membership," was raised before the BIA but not the IJ, prompting the BIA to observe it could not address newly articulated social groups on appeal. *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) ("Where, as here, an applicant delineates a social group for the first time on appeal, the Immigration Judge will not have had an opportunity to make relevant factual findings, which [the BIA] cannot do in the first instance on appeal."). Although the BIA did go on to note deficiencies in the framing of Petitioner's "family" PSG, the BIA may "elect[] to consider [an issue] on its substantive merits despite a procedural default" only *if* the "alien raises [the] issue to the IJ," *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (internal quotation marks and citation omitted), because it is the IJ who makes factual findings and the BIA is solely "an appellate body whose function is to review, not to create, a record." *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (per curiam) (citation omitted). The BIA's summary denial of Petitioner's unexhausted PSG of "family membership" does not preserve the issue for appeal and we similarly decline to review it. *Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam) ("Having failed to raise this argument before the IJ or the BIA, [Petitioner] has waived it and cannot raise it before this Court.").

Petitioner cannot allege he was persecuted based on a protected ground and the record does not compel reversal of the BIA's denial of both asylum and withholding of removal. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

3. Substantial evidence supports the BIA's determination that Petitioner is not more likely than not to be tortured upon return to Mexico "inflicted by or … with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1); 8 C.F.R. § 1208.16(c)(2); *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004) (reviewing for substantial evidence whether a petitioner demonstrated a "particularized threat of torture" (citation omitted)). Petitioner described a phone call his mother received threatening to kill Petitioner if she did not pay a ransom, and an experience in his childhood where police officers beat him when he was walking home from school. Because Petitioner cited no further interactions with the police after age twelve and testified that his mother ignored the extortion demands (with no evidence of repercussions), substantial evidence supports the BIA's determination that neither the empty threats Petitioner's mother received nor a single negative interaction with the police constitute a "particularized threat of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (citation omitted); *Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010). That Petitioner's mother reported the calls to the police, and Petitioner informed "the person in charge of the town" about his beating and received no assistance, does not demonstrate that upon Petitioner's

5

return a public official would acquiesce to torture directed at Petitioner. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

**PETITION DENIED**.