NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CESAR OMAR LOPEZ DUARTE, AKA
Cesar A. Lopez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   17-71087

Agency No. A205-466-438

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2020
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,** District
Judge.  Dissent by Judge RAWLINSON

Petitioner Cesar Omar Lopez Duarte, a former resident of San Francisco,

petitions for review of the Board of Immigration Appeals (BIA)'s decision

dismissing his appeal of the Immigration Judge (IJ)'s denial of his motion to

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

suppress a Form I-213. We have jurisdiction under 8 U.S.C. § 1252(a). We review de novo questions of constitutional law. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009) (citing *Tapia v. Gonzales*, 430 F.3d 997, 999 (9th Cir. 2005)). For the reasons explained below, we grant the petition and remand for further proceedings.

**1.** The government contends that Lopez Duarte failed to exhaust his argument that the IJ's reliance on a "US-VISIT" form violated his due process rights under the Fifth Amendment and 8 U.S.C. § 1229a, therefore limiting our jurisdiction on review. *See* 8 U.S.C. § 1252(d)(1). We disagree. To satisfy the exhaustion requirement in § 1252(d)(1), a party need only "put the BIA on notice" in his appeal from an IJ's order. *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 959 (9th Cir. 2018) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)). Although a "'petitioner cannot satisfy the exhaustion requirement by making a general challenge' to the BIA's decision, the petitioner 'need not . . . raise the *precise* argument below.'" *Id.* at 960 (quoting *Garcia v. Lynch*, 786 F.3d 789, 793 (9th Cir. 2015) (per curiam)) (emphasis and alteration in original). Lopez Duarte argued to the BIA that the IJ failed to conduct an adequate factual inquiry into the origin of the information on the "US-VISIT" form and erred in making factual findings concerning the form that were not supported by the record. He also argued that evidence obtained in violation of due process and the agency's own

2

regulations must be suppressed. Thus, Lopez Duarte "articulate[d] each essential part of the contention he now raises." *Garcia*, 786 F.3d at 793.

**2.** The IJ's reliance on the "US-VISIT" form to deny Lopez Duarte's motion to suppress, without providing him an opportunity to confront and challenge the document, violated due process. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240-41 (9th Cir. 2020). We have repeatedly held that individuals in removal proceedings must be provided a full and fair opportunity to confront evidence offered by the government. *Id.*; *Bondarenko v. Holder*, 733 F.3d 899, 906-07 (9th Cir. 2013); *Cinapian v. Holder*, 567 F.3d 1067, 1074-75 (9th Cir. 2009).

The "US-VISIT" form was an exhibit to the government's opposition to the motion to suppress and was marked as an untimely filing. The form itself contained numerous blank fields. The government did not offer any affidavits or testimony explaining how the form was created. Following the appearance of the parties at the hearing, the IJ announced his decision to deny the motion to suppress, relying solely on the "US-VISIT" form. The IJ then proceeded to ask the parties regarding any relief Lopez Duarte would be seeking, indicating that his ruling on the motion to suppress was final.[1] Because the IJ failed to provide Lopez Duarte

---

[1] In context, the IJ's questions regarding how Lopez Duarte "would like to proceed," and whether there was "a type of relief" that Lopez Duarte would be seeking concerned applications for relief. These questions arose *after* the IJ had

3

any opportunity to confront or challenge the government's "US-VISIT" form, and then relied on that evidence to deny Lopez Duarte's motion to suppress, the IJ denied Lopez Duarte a fair hearing. *See Grigoryan*, 959 F.3d at 1240-41; *Bondarenko*, 733 F.3d at 906-07.

Lopez Duarte has also shown that he was prejudiced by the due process violation, as the "outcome of the proceeding may have been affected by the alleged violation." *Grigoryan*, 959 F.3d at 1240 (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). The IJ's primary reason for denying Lopez Duarte's motion to suppress was—according to the IJ—independent evidence of his alienage noted on the "US-VISIT" form. On the basis of that unchallenged evidence, the IJ sustained the government's factual allegations and concluded that Lopez Duarte was removable. We are persuaded that the outcome of the motion to dismiss may have been different had Lopez Duarte been afforded an opportunity to contest the form. *See Grigoryan*, 959 F.3d at 1240-42; *Bondarenko*, 733 F.3d at 907-08.

Accordingly, for the above reasons, we grant Lopez Duarte's petition for review and remand to the agency for further proceedings consistent with this

---

announced his decision and were not meaningful opportunities for Lopez Duarte to re-open the motion to suppress to challenge the US-VISIT form. *See Grigoryan*, 959 F.3d at 1240 (concluding that the IJ failed to "afford[] [petitioners] a meaningful opportunity to rebut [the report's] allegations").

disposition.[2]

**Petition for review GRANTED and REMANDED.**

---

[2] In light of this disposition, we need not address the merits of Lopez Duarte's motion to suppress the Form I-213. We note, however, that to the extent the IJ relied on Lopez Duarte's bond counsel's statement as an alternative basis for establishing alienage, the IJ erred. *See Joseph v. Holder*, 600 F.3d 1235, 1241 (9th Cir. 2010) (concluding evidence from a bond hearing should not be considered in a removal hearing).

***Lopez Duarte v. Garland,*** **No. 17-71087**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent from the majority's view that Petitioner established a violation of due process. Although the case cited by the majority, *Grigoryan v. Barr*, 959 F.3d 1233 (9th Cir. 2020), sets forth the proper test for establishing a due process violation, the majority failed to properly apply that test to the facts of this case. To prevail on a due process challenge, the Petitioner must demonstrate: (1) "that the challenged proceeding was so fundamentally unfair that [he was] prevented from reasonably presenting [his] case" and (2) "substantial prejudice [which] is established when the outcome of the proceeding may have been affected by the alleged violation." *Id*. at 1240 (citations and internal quotation marks omitted). Petitioner failed in both respects.

The majority contends that Petitioner did not have an adequate opportunity to "confront and challenge" the US-VISIT report[1] introduced into evidence by the government to establish Petitioner's non-citizenship. However, the record reflects that Petitioner had ample opportunity to present any objection to the evidence

_____

[1]The majority refers to this as the US-VISIT form. It is actually not a form at all, but a computer report of data collected when a person encounters a port of entry or law enforcement to enable the United States to establish the identity of persons who enter the United States. *See* United States Visitor and Immigrant Status Indicator Technology Program (US–VISIT), 69 Fed.Reg. 53,318–01 (Aug. 31, 2004).

1

proffered by the government, including a challenge to the US-VISIT report, but Petitioner simply failed to take advantage of that opportunity.

There were at least five junctures during the removal proceedings when the opportunity was available for Petitioner to challenge the US-VISIT report. First, in response to Petitioner's motion to suppress the I-213, which motion was filed only sixteen (16) days before the repeatedly continued removal proceedings, the government provided a copy of the US-VISIT report to Petitioner eight (8) days before the proceedings. Petitioner, however, did not file any objection to the US-VISIT report at that opportunity.

Petitioner's second opportunity was provided at the continued removal proceedings when the Immigration Judge (IJ) referred to "independent evidence of alienage [the US-VISIT report] that is not suppressible." Following the reference and after hearing the IJ describe the evidence as "not suppressible," counsel for Petitioner responded to the IJ's inquiry about how counsel's "client [would] like to proceed" by mentioning only suppression of the I-213, with absolutely no mention of any challenge to the US-VISIT report.

Petitioner's third opportunity came when the IJ reminded Petitioner's counsel that the motion to suppress only "reserv[ed] appeal of that decision." The IJ then inquired whether there was "a type of relief" that Petitioner would be

seeking, to which counsel for Petitioner responded: "No. There isn't." This inquiry provided another opening for counsel to challenge the US-VISIT report if he so desired, but he failed to do so.

Petitioner's fourth opportunity arose when the IJ reiterated to Petitioner's counsel that Petitioner "wasn't going to seek any relief from removal other than his motion to suppress." Rather than displaying any inclination to challenge the US-VISIT report, counsel merely responded, "That's correct, Your Honor," thereby confirming Petitioner's only objection was to the I-213 form.

Petitioner's fifth opportunity was presented when the IJ inquired: "So if your client isn't going to seek any relief and there are no applications before the Court then it appears I have no other alternative but to issue an order of removal. Do you agree, Mr. Prasad?" Again, counsel failed to take this opportunity to raise an objection to the US-VISIT report, and simply responded: "Yes, your Honor."[2]

---

[2] The majority argues that, "in context," these "were not meaningful opportunities for Lopez-Duarte to reopen the motion to suppress to challenge the US-VISIT form." However, exactly the opposite is true, because the IJ expressly referenced the motion to suppress the I-213 form when inquiring about the relief sought by Lopez-Duarte. The IJ's inquiry referencing the motion to suppress presented the perfect opportunity for Lopez-Duarte to also seek suppression of the US-VISIT report. Counsel simply failed to take advantage of the opportunity. Moreover, counsel had eight days prior to the hearing to move to suppress the US-VISIT report or move for an extension of time to do so, but failed to take any action whatsoever. Under the majority's framework, a meaningful opportunity

(continued...)

The majority's position would be more persuasive if Petitioner were proceeding *pro se.* However, Petitioner was represented by counsel, who recognized the distinction between challenging admission of the I-213 form and challenging the US-VISIT report. It is readily apparent that counsel elected to challenge the former, but not the latter. *See Garcia v. I.N.S.*, 222 F.3d 1208, 1209 (9th Cir. 2000) (explaining that it "is a longstanding principle that . . . each party is deemed bound by the acts of his lawyer-agent") (citation and internal quotation marks omitted).

The record reflects a choice by counsel on how to most effectively represent his client. That Petitioner now has counsel that sees the case differently is not a valid basis for finding a due process violation, especially when Petitioner's prior counsel failed to take advantage of numerous opportunities to object to the admission of the US-VISIT report. *See Ng Kai Ben v. Weedin*, 44 F.2d 315, 317 (9th Cir. 1930) (explaining that when evidence is "admitted before an administrative board without objection by the person against whom the evidence is

---

[2](...continued)
required the IJ to prompt counsel to move to suppress the US-VISIT report. Due process and our precedent, however, do not support the majority's view. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (holding that while due process requires "impartial proceedings where petitioners may make their case," petitioners "are not entitled to the IJ's legal assistance in doing so").

elicited, the court could not say that the appellant had been ordered deported without due process of law because of the admission of such testimony to which he made no objection"); *see also Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1197 (9th Cir. 2006) (remarking that "we do not hesitate in holding that the BIA [Board of Immigration Appeals] was justified in relying on the records" when petitioner "made no objection in the Immigration Court to the admission of the records"). Because Petitioner, through counsel, had multiple opportunities to challenge admission of the US-VISIT report, but failed to capitalize on those opportunities, there was no due process violation. *See Grigoryan*, 959 F.3d at 1240 (explaining that due process requires "a reasonable opportunity to present and rebut evidence") (citations omitted).

To the extent the majority implies that Petitioner was denied due process because the "government did not offer affidavits or testimony explaining how the [US-VISIT report] was created," such a contention is legally unsupportable. The United States Supreme Court long ago determined that a violation of due process cannot be established based on the admission of unauthenticated documents into evidence. *See United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927) (explaining that in immigration proceedings "a want of due process is not established by showing merely . . . that incompetent evidence was

5

received and considered") (citation omitted); *see also Singh v. Holder*, 638 F.3d 1196, 1209 (9th Cir. 2011) (rejecting petitioner's "argument that his due process rights were violated when the IJ admitted his unauthenticated RAP sheet into evidence").

Cases relied upon by the majority do not support a violation of due process in this case. Each of those cases involved a report prepared specifically to challenge the authenticity of evidence offered by the petitioner in support of an application for relief, but first provided to the petitioner at the removal proceeding. The petitioners' due process challenges were sustained because those reports were admitted over petitioners' objections, even though petitioners were unable to refute the previously undisclosed reports without further independent investigation. *See Grigoryan*, 959 F.3d at, 1236–37 (report containing local investigators' suspicions that petitioner's documents had been altered); *Bondarenko v. Holder*, 733 F.3d 899, 904-05 (9th Cir. 2013) (report containing foreign hospital official's conclusion that petitioner's medical records were fraudulent); *Cinapian v. Holder*, 567 F.3d 1067, 1072, 1075 (9th Cir. 2009) (report prepared by forensic document examiner challenging petitioner's documents). Here, the information on the US-VISIT report was collected in the normal course of Petitioner's entrance, unlike reports created for the express purpose of challenging the authenticity of

6

petitioner's evidence, with no presumed indicia of reliability. Petitioner had years to collect evidence establishing that he was not subject to removal based on his non-citizenship, and could have so testified himself. Instead, he sought to avoid removal based solely on the government's inability to establish non-citizenship, but failed to object to the publicly maintained US-VISIT report that established his non-citizenship and was provided in advance of the hearing. Petitioner simply cannot assert a violation of due process when he failed to take advantage of the process provided. *See Haile v. Holder*, 658 F.3d 1122, 1128 (9th Cir. 2011) (holding that "the admission of [documents] did not violate due process," and petitioner's "challenges to the [admitted documents were] unavailing" when petitioner did "not cast doubt on the probative value or fairness of the evidence presented, nor did she present any contrary evidence to challenge the reliability of the" admitted documents) (citations and internal quotation marks omitted).

The majority also fails to point to any prejudice suffered by Petitioner. The majority assumes, without any evidence in the record, that the outcome "*may* have been different had [Petitioner] been afforded an opportunity to contest the [US-VISIT report]." (emphasis added). However, as discussed, Petitioner had not one, but five opportunities to challenge the US-VISIT report. More importantly, Petitioner failed to meet his burden to establish that the "outcome of the

7

proceeding may have been affected." *Grigoryan*, 959 F.3d at 1240. The majority's assumption cannot fulfill Petitioner's burden.

The government authenticated the US-VISIT report by extensively outlining the procedures for how information on the report is collected, stored and compiled, and connecting that information to Petitioner. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 833 (9th Cir. 2014) (explaining that "[a]dmissibility is generally warranted so long as there is some sort of proof that the document is what it purports to be") (citation and internal quotation marks omitted); *see also Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (holding that documents "could be authenticated by their distinctive characteristics" under Federal Rule of Evidence 901(b)(4), and reversing decision that documents "must be authenticated by a competent witness with personal knowledge of their authenticity").[3]

In *Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995)*, as amended on denial of reh'g*, we held that "information on an authenticated immigration form is

_____

[3] Even if the US-VISIT report was not properly authenticated, Petitioner waived any objection by failing to raise it to the IJ or the BIA. *See Espinoza Ojeda v. United States Immigr. & Naturalization Serv.*, 419 F.2d 183, 186 n.2 (9th Cir. 1969) (noting that when "no objection was made at that time by counsel representing petitioner," then "[a]ny objection to the entry of the statement into evidence was thus waived"); *see also Rodas-Mendoza v. I.N.S.*, 246 F.3d 1237, 1240 (9th Cir. 2001) (holding that when petitioner "failed to raise [an] argument before the IJ or the BIA," petitioner "has waived it and cannot raise it before this Court").

presumed to be reliable in the absence of evidence to the contrary presented by the alien." "The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it." *Id*. (citation omitted). When the source of the information is a government official, petitioner must show "strong evidence of unreliability" to exclude evidence. *Id.*

Petitioner cannot establish prejudice on this basis because he failed to provide any evidence of unreliability, much less the "strong evidence of unreliability" required to exclude the US-VISIT report. Petitioner points to certain fields that were left blank, but does not dispute that he actually was involved in the encounters documented in the US-VISIT report, on the dates and times identified. Petitioner also does not dispute that the Fingerprint Identification Number (FIN) and birth date on each entry is the same, or that the FIN and birth date accurately reflect his fingerprints and birth date. He further does not dispute that the photographs in the US-VISIT report are of him. Finally, Petitioner does not provide any explanation why two separate government officials, ten years apart, and at different locations, identified Petitioner as a National and Citizen of Mexico, when those officials presumably had no "motive or interest other than to submit accurate and fair reports." *Id*. at 310.

The fact that different government officials left certain fields blank when documenting separate encounters with Petitioner is evidence that they did not collect the information during that encounter, rather than evidence of unreliability. *See id.* (rejecting claim that immigration form was unreliable, even though the form did "not indicate who filled it out and when" because petitioner failed to offer "evidence to show that the form contains material errors"). Petitioner cannot show prejudice because Petitioner, even now, has failed to establish any substantive basis for excluding the US-VISIT report. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007), *as amended* (en banc) (holding that "to show prejudice, [petitioner] must present plausible scenarios in which the outcome of the proceedings would have been different") (citation and internal quotation marks omitted).

Because Petitioner failed to establish a due process violation or prejudice, I respectfully dissent.