**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

SANTOS EDWIN GRANADENO-
ORQUILLA, AKA Edwin Granadeno,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   16-73928

Agency No. A088-451-734

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2022[**]
San Francisco, California

Before:  RAWLINSON, BADE, and BRESS, Circuit Judges.

Santos Edwin Granadeno-Orquilla (Granadeno-Orquilla), a native and

citizen of El Salvador, petitions for review of the denial of his application for

withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

"We review de novo the [Board of Immigration Appeals' (BIA's)] determinations on questions of law and mixed questions of law and fact," but "[w]e review for substantial evidence the BIA's factual findings."  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020) (citations omitted).

"Where, as here, the BIA adopts the [Immigration Judge's (IJ's)] decision while adding some of its own reasoning, we review both decisions."  *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (citation omitted).

**1.**  The basis for Granadeno-Orquilla's application for withholding of removal was being "shove[d]," "insult[ed]," and receiving a death threat from the Mara Salvatrucha (MS-13) gang after he refused to join the gang.

Substantial evidence supports the conclusion that any harm Granadeno-Orquilla experienced did not rise to the level of persecution.  We have held that "[p]ersecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive."  *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (citation and internal quotations omitted) (concluding that the record did not compel a finding of past persecution when the petitioner "never suffered any significant physical violence").

2

**2.** Substantial evidence also supports the conclusion that Granadeno-Orquilla failed to establish a nexus between any past or feared harm and membership in his proposed social groups.

Granadeno-Orquilla proposed the social group of "[m]ember of a family of known former military." However, when the IJ inquired whether the gang members knew of his father's military service, Granadeno-Orquilla responded that he "believe[d] they knew because everyone knows that there." Granadeno-Orquilla's "belief" did not establish the requisite connection to a protected ground. *See Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000) (explaining that an applicant must "introduce *some* evidence of the persecutors' motive, direct or circumstantial") (alteration and internal quotation marks omitted) (emphasis in the original). Granadeno-Orquilla's fear of generalized violence is insufficient to meet the nexus requirement. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended*.

Granadeno-Orquilla proposed the additional social group of "[m]ember of landowners in El Salvador," but testified that he did not own any land in El Salvador. In any event, Granadeno-Orquilla's father and three brothers continue to live in El Salvador unharmed, despite being similarly situated with respect to Granadeno-Orquilla. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An

3

applicant's claim of persecution upon return is weakened . . . when similarly-situated family members continue to live in the country without incident.") (citation omitted), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

Granadeno-Orquilla added proposed social groups of "young men who openly oppose gang violence and activities" and "[p]erceived member of rival gang to the MS-13." However, "[n]othing in the record establishes that he was a well-known anti-gang activist or even outspoken about gangs." *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Substantial evidence supports the determination that the proposed group of "perceived member of rival gang to the MS-13" does not constitute a cognizable particular social group because it is too loosely defined to meet the requirement for particularity. *See id.* at 745-46.

**3.** Finally, substantial evidence supports the determination that Granadeno-Orquilla "failed to establish that it is more likely than not that [he] will be tortured by, or at the instigation of or with the consent or acquiescence of a public official, or other person acting in an official capacity upon removal to El Salvador." That Granadeno-Orquilla has not returned to El Salvador since 2004 and his family

continues to live in El Salvador in safety undercuts Granadeno-Orquilla's claim

that future torture is likely if he returns to El Salvador.[1]  *See Gomez Fernandez v.*

*Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020) (rejecting petitioner's speculation that

the same individuals who targeted his family members more than twenty years

earlier would target him if he returned to Mexico).  Moreover, substantial evidence

supports the BIA's determination that the country conditions evidence failed to

demonstrate eligibility for CAT relief.

**PETITION DENIED in part, DISMISSED in part.**

---

[1] We decline to reach Granadeno-Orquilla's unexhausted argument that the agency erred in considering his proposed social groups separately because the BIA deemed this issue waived.  *See Rodas-Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001) (per curiam) (recognizing that a petitioner who fails to raise an argument before the IJ or the BIA "cannot raise it before this Court").